UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ISABEL DELGADO,<br><br>    Plaintiff,<br><br>v.<br><br>PRIMERICA LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 17-cv-03744-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 11, 13, 17, 22, 27 |

Pending before the Court is Plaintiff Maria Isabel Delgado's motion to remand and four motions to dismiss filed by each of the Defendants: Primerica Life Insurance Company and Primerica Financial Services Insurance Marketing, Inc. (collectively, "Primerica"); National Union Fire Insurance Company of Pittsburgh, PA ("National Union"); Wells Fargo & Co. and Wells Fargo Bank, N.A. (collectively, "Wells Fargo"); and American International Group, Inc. ("AIG"). *See* Dkt. Nos. 11, 13, 17, 22, 27.[1] For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART** and Defendants' motions are **DENIED AS MOOT**.

## I. BACKGROUND

### A. Factual Allegations

In 2007, Plaintiff and her husband, Ramiro Alvarez Conejo ("Alvarez") opened a bank account at a Wells Fargo branch in San Francisco. Dkt. No. 1-1 ("Complaint" or "Compl.") ¶ 28. During that transaction, without Alvarez's consent, Wells Fargo[2] also signed him up for a life

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).
[2] It is unclear from the Complaint whether it was Wells Fargo & Co., Wells Fargo Bank, N.A., or another, non-party Wells Fargo entity that set up Alvarez's life insurance policy.

insurance policy, administered by AIG and operated by National Union. *See id.* ¶¶ 28-29, 33. After becoming aware later that year that they were paying for the AIG/National Union policy, Plaintiff and Alvarez ultimately decided to keep it. *See id.* ¶ 31. Approximately eight years later, in or around July 2015,[3] they met with a Primerica insurance agent,[4] who issued Alvarez a life insurance policy shortly thereafter. *See id.* ¶¶ 15, 19.

On June 2, 2016, Alvarez died from injuries he sustained while riding a horse. *See id.* ¶¶ 11-14. Upon his death, Plaintiff filed a claim with Primerica as the beneficiary of his life insurance policy. *Id.* ¶ 20. Primerica denied her claim on August 31, 2016. *Id.* ¶ 22. Plaintiff also filed a claim under the AIG/National Union policy, which AIG denied. *Id.* ¶ 36.

### B. Procedural Posture

On May 26, 2017, Plaintiff filed a complaint in San Francisco Superior Court, naming Primerica, AIG, National Union, and Wells Fargo. *See id.* ¶¶ 2-8. She alleged causes of action for (1) breach of contractual duty to pay a covered insurance claim, *see id.* ¶¶ 37-46; (2) insurance bad faith, *see id.* ¶¶ 47-61; (3) intentional misrepresentation and fraud, *see id.* ¶¶ 62-78; (4) negligent misrepresentation, *see id.* ¶¶ 79-92; (5) breach of fiduciary duty, *see id.* ¶¶ 93-102; and (6) unfair business practices under California's Unfair Competition Law, *see id.* ¶¶ 103-08.

On June 29, 2017, Primerica removed the matter to this Court. Dkt. No. 1 ("Notice"). On July 20, 2017, Plaintiff filed this motion to remand. Dkt. No. 17 ("Mot."). Primerica filed its opposition on August 3, 2017, Dkt. No. 21 ("Opp."), and Plaintiff replied on August 10, 2017, Dkt. No. 31 ("Reply"). Defendants also filed four motions to dismiss between July 6, 2017 and August 4, 2017. *See* Dkt. Nos. 11, 13, 22, 27.

## II. LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332. Diversity jurisdiction exists only where there is: (1) complete diversity between the citizenship of the plaintiffs and the defendants;

---

[3] Plaintiff later claims the events in this paragraph took place in June 2015. *See* Compl. ¶ 22.
[4] It is unclear throughout the Complaint whether Plaintiff's allegations concern Primerica Life Insurance or Primerica Financial Services Marketing.

2

and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Where either element is lacking, federal courts lack subject matter jurisdiction and must remand the action to state court. *See id*. § 1447(c); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

On a motion to remand, a federal court must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must grant remand "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts must resolve all ambiguity in favor of remand. *Hunter*, 582 F.3d at 1042.

## III. ANALYSIS

There is no diversity of citizenship between Plaintiff and Wells Fargo in this case, a point which Primerica does not refute. Instead, Primerica urges the Court to apply the Eleventh Circuit's "fraudulent misjoinder" exception to the requirement of complete diversity. *See* Notice ¶¶ 10, 22-28. Primerica invokes this exception to argue that Wells Fargo should be severed from the case, the end result of which would be the complete diversity necessary for this Court to exercise subject matter jurisdiction.[5] *See* Notice ¶¶ 9-10. For the reasons stated below, the Court declines to apply the doctrine of fraudulent misjoinder and finds that remand is proper.

### A. There Is Not Complete Diversity of Citizenship Between Plaintiff and Defendants.

The Court lacks subject matter jurisdiction over this case because there is not complete diversity of citizenship between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of California. *See* Compl. ¶ 2; Notice ¶ 4.[6] And because Wells Fargo Bank & Co. (like its subsidiary, Wells Fargo Bank, N.A.) is headquartered in California, *see* Compl. ¶ 8, it is a

---

[5] Primerica also argues that each of the other Defendants should be severed from the case because they were also fraudulently misjoined. *See* Notice ¶¶ 7-10. For purposes of this Motion, however, the Court need only address the application of this theory to Wells Fargo.

[6] Although Plaintiff styles herself as a "resident" of California in the Complaint, Compl. ¶ 2, there appears to be no dispute among the parties that she is a citizen of California. *See* Notice ¶ 4. Citizenship, not residency, is the controlling factor in determining diversity of parties. *See Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) ("It is black letter law that, for purposes of diversity, residence and citizenship are not the same thing.") (citation, internal quotation marks, and brackets omitted). In any event, any ambiguity must be resolved in favor of remand. *Hunter*, 582 F.3d at 1042.

3

California citizen as well, *see* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of the state where it has its "principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (explaining that the principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center[]'"). This Court accordingly lacks subject matter jurisdiction, unless Primerica can establish that some exception to the rules of diversity jurisdiction applies.

### B. The Court Declines to Apply the Doctrine of Fraudulent Misjoinder, Which the Ninth Circuit Has Not Adopted.

The exception Primerica attempts to invoke is fraudulent misjoinder, which was first articulated by the Eleventh Circuit. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). A fraudulent misjoinder occurs "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Thakor v. Burlington Ins. Co.*, No. C 09-1465 SBA, 2009 WL 1974511, at *3-4 (N.D. Cal. July 8, 2009) (quoting *Tapscott*, 77 F.3d at 1360). *Tapscott* "does not stand for the broad rule that all procedural misjoinder is fraudulent," however; rather, there must be evidence that the misjoinder is "egregrious" and "borders on a sham." *See id.*

Courts have been slow to adopt the rule of *Tapscott*. "Three circuits, including the Ninth, have declined to adopt the doctrine when presented with the opportunity." *In re: Bard Ivc Filters Prods. Liab. Litig.*, No. CV-16-00344-PHX-DGC, 2016 WL 2347430, at *4 (D. Ariz. May 4, 2016) (citing *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 F. App'x 727, 729 (9th Cir. 2001)). Moreover, a "decided majority" of district courts within the Ninth Circuit have declined to apply it. *See Garcia v. Allstate Ins. Co.*, No. 2:14-CV-06478-CAS(AGRx), 2014 WL 12611285, at *2 (C.D. Cal. Oct. 3, 2014); *see also Alaniz v. Merck & Co, Inc.*, No. CV 05-2487-JFW (MANx), 2005 WL 6124308, at *3 (C.D. Cal. June 3, 2005) (declining to apply the doctrine); *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127-28 (E.D. Cal. 2004) (same); *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) ("Even if this

4

court were to extend *Tapscott* to [the action at bar], there is no evidence that the claims are so unrelated as to constitute 'egregious' misjoinder.").

In short, the Court agrees with *Garcia*'s characterization of the issue: "in the absence of any direction from the Ninth Circuit to apply the fraudulent misjoinder exception, the better course is not to do so." *See* 2014 WL 12611285, at *3.

### C. The Ninth Circuit Recognizes the Fraudulent Joinder Doctrine, Under Which Primerica Fails to Meet Its Heavy Burden.

The Ninth Circuit does, however, recognize fraudulent *joinder*. Under this doctrine, a court may exercise diversity jurisdiction over a case without complete diversity if the removing party can show that the non-diverse party was fraudulently joined. *See Hunter*, 582 F.3d at 1043. A defendant qualifies for the fraudulent joinder exception only if it can show that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *See Tucker v. Travelers Indem. Co. of Conn.*, No. 17-cv-04613-HSG, 2017 U.S. Dist. LEXIS 164845, at *2 (N.D. Cal. Feb. 7, 2017) (citing *Hunter,* 582 F.3d at 1043); *see also Garcia*, 2014 WL 12611285, at *1 ("It is well established in this circuit that an exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant.") (citing treatise). There is a "general presumption against fraudulent joinder," and defendants who assert the doctrine carry a "heavy burden." *Tucker*, 2017 U.S. Dist. LEXIS 164845, at *2. Defendants must effectively "show that the individuals joined in the action cannot be liable on any theory." *Id.* (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

Nowhere in the papers does Primerica even attempt to apply the fraudulent joinder standard. In choosing to focus its argument on fraudulent misjoinder, it has failed to meet the "heavy burden" required to show that the Court can exercise diversity jurisdiction over the parties in this case notwithstanding the lack of complete diversity. Even if Primerica did contend that Wells Fargo was fraudulently joined, however, its argument would fail because Plaintiff has not obviously failed to state a claim against those defendants under settled California law. Plaintiff alleges a number of facts that could conceivably allow it to prevail under California law on its claims of fraud, negligent misrepresentation, and breach of fiduciary duty against Wells Fargo.

5

*See, e.g.*, Compl. ¶¶ 71-72 (alleging that Wells Fargo knowingly and intentionally misrepresented the nature of Alvarez's life insurance policy with AIG because, despite a Wells Fargo banker's representation that the policy would pay approximately $1 million upon death, AIG has refused to pay); *id.* ¶¶ 88-89 (alleging negligent misrepresentation on the same facts); *id.* ¶ 96 (alleging breach of fiduciary duty on the same facts).

Primerica fails to apply the correct standard, and thus fails to show that Plaintiff fraudulently joined Wells Fargo. Accordingly, remand is proper because this Court lacks subject matter jurisdiction.

### D. Attorney's Fees Are Not Warranted.

Plaintiff seeks to recover attorney's fees for this motion to remand. *See* Reply at 11. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The decision to award such fees "should turn on the reasonableness of the removal," and an award is proper "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court cannot conclude that Primerica lacked an objectively reasonable basis for removal. Although the Ninth Circuit has not adopted the doctrine of fraudulent misjoinder, neither has it affirmatively rejected it. Although it did not prevail, Primerica made a reasonable, good-faith argument in support of removal. *See Dent v. Lopez*, No. CV14-00442-LJO-SMS, 2014 WL 3838837, at *3 (E.D. Cal. July 30, 2014). Plaintiff's fee request is therefore denied.

//
//
//
//
//
//
//
//

6

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED** insofar as the case is remanded and **DENIED** as to her request for attorney's fees. Defendants' motions to dismiss are **DENIED AS MOOT**. The Clerk is directed to remand the case forthwith to the San Francisco County Superior Court and close the case.

**IT IS SO ORDERED.**

Dated: 2/13/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge